SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
_____

LUIS TORRES, JR.,

                  Plaintiff,

-against-

THE TOWN OF WALLKILL, P.O. DENNIS ROLON,
P.O. HUGO BOSS and JOHN DOE POLICE OFFICERS
1-2,,

                  Defendants.
_____

Index No.5882/2007

**VERIFIED COMPLAINT**

      Plaintiff LUIS TORRES, JR., by his attorney, ERIKA L. HARTLEY, ESQ. of the LAW OFFICE OF ERIKA L. HARTLEY alleges as and for plaintiff's Verified Complaint, upon information and belief and at all times relevant hereto, and based upon the files maintained in counsel's office:

      1.     Plaintiff is and has been a resident of Orange County in the State of New York on all pertinent dates hereinafter mentioned.

      2.     On all dates hereinafter mentioned, defendant The Town of Wallkill (hereinafter "Town") was and is a municipal corporation duly authorized and existing by virtue of the laws of the State of New York.

      3.     On all dates hereinafter mentioned, defendant P.O. Dennis Rolon and P.O. Kelly Boss s/h/a Hugo Boss were and are natural persons residing in the County of Orange and employees of the Town Police Department.

      4.     On all dates hereinafter mentioned John Doe Police Officers 1-2 were and are natural persons residing and/or working in the County of Orange and employees of

the Town Police Department.

4. That heretofore and on or about May 3, 2007, a Notice of Claim, together with Notice of Intention to Sue and of the time and place when and the time and place where plaintiff was injured was served upon the defendant on behalf of plaintiff herein, all in compliance with the applicable provisions of the General Municipal Law.

5. By serving a demand for a 50-h hearing which was held on June 21, 2007, defendants acknowledged receipt of plaintiff's Notice of Claim.

6. That the aforesaid Notice of Claim for malicious prosecution, together with Intention to Sue on behalf of the plaintiff herein was duly served upon the defendant within ninety days after the cause of action herein arose and that more than thirty days have elapsed since the service of the aforesaid Notice of Claim together with Notice of Intention to Sue upon the defendant and it has failed to and neglected and/or refused to pay, settle, adjust or compromise the claim of the plaintiff herein.

7. That included within the above mentioned Notice of Claim were various other claims for which a timely motion to serve a late Notice of Claim was filed and is presently pending before the Orange County Supreme Court.

8. The instant action was commenced within one year and ninety days after the cause of action of the plaintiff herein arose and that he has duly complied with all of the conditions precedent to bringing suit as against the named defendant herein.

9. That plaintiff has complied with the conditions precedent to suing all of the defendants herein.

10. This action falls within one or more of the exceptions set forth in CPLR 1602.

**AS AND FOR A FIRST CAUSE OF ACTION: FALSE ARREST**

11. The defendant Police Officers, while acting in furtherance of their employer's business and in the scope of their employment with the Town of Wallkill, intentionally caused plaintiff to be arrested for the crime of Harassment in the Second Degree on May 14, 2006 in the Orange Plaza at the Staples Print Center located at 470 Route 211 East in Middletown, New York.

12. The arrest of the plaintiff by the named defendants was without probable cause.

13. The arrest of the plaintiff by the named defendant Police Officers Dennis Rolon, Kelly Boss s/h/a P.O. Hugo Boss and John Doe Police Officers 1-2 (hereinafter defendant Police Officers) was made without a warrant.

14. At the time and place of the arrest on May 14, 2007 between 5:30 and 6:30 PM, plaintiff was taken into custody against his conscious will by the defendant Police Officers P.O. Dennis Rolon, P.O. Kelly Boss s/h/a Hugo Boss and John Doe Police Officers 1-2 who were all acting in furtherance of their employer's business and within the scope of their employment with defendant Town of Wallkill at all times herein mentioned.

15. The defendant Police Officers that made the subject plaintiff's arrest did not have reasonable cause to believe that plaintiff who was confined to a wheelchair committed the crime of Harassment in the Second Degree.

16. Plaintiff in no way consented to being arrested by defendants.

17. Defendant Police Officers failed to reasonably assess the situation that led to plaintiff's arrest in that they failed to view the Staples security videotape showing the complaining witness harassing plaintiff who was and is confined to a wheelchair prior to their arrest of the plaintiff.

18. While both defendant Police Officers and a New York State Trooper responded to the call of a disturbance at the time and place of the arrest noted above, the NYS Trooper was the only individual to review the Staples videotape showing the complaining witness criminally harassing the plaintiff in the Staples store.

19. Defendants in failing to assess the totality of the circumstances then and there existing at the time and place of the alleged incident did not have probable cause for the arrest of the plaintiff. Had defendant reasonably assessed the incident, it would have reasonably concluded that plaintiff committed no crime for which an arrest was warranted.

20. Defendant Police Officers deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under the New York State Constitution, as well as 42 U.S.C. 1983.

## AS AND FOR A SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION

21. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22. Defendants maliciously began and continued a criminal prosecution against the plaintiff arising from the incident of May 14, 2006. The criminal prosecution was begun on or about May 14, 2006 and arose out of plaintiff's arrest.

23. The criminal proceedings terminated favorably to plaintiff on or about February 7, 2007.

24. Due to the arrest and subsequent malicious prosecution of the plaintiff by defendants and without probable cause, plaintiff was subject to great indignity and humiliation, pain and distress of mind and body and caused to be greatly distressed due to the malicious acts of defendants.

25. Defendant Police Officers while acting in furtherance of their employer's business and in the scope of their employment with the Town of Wallkill, deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC 1983 and the New York State Constitution.

26. Plaintiff was damaged by the malicious prosecution implemented by defendants.

### AS AND FOR A THIRD CAUSE OF ACTION: ASSAULT

27. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 26 as if fully incorporated herein.

28. Upon approaching plaintiff, defendant Police Officers made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. Defendant Police Officers were acting in furtherance of their employer's business and in the scope of their employment with the Town of Wallkill.

29. The defendants deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC 1983 and the New York State Constitution.

### AS AND FOR A FOURTH CAUSE OF ACTION: BATTERY

30. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31. Defendant Police Officers engaged in and subjected plaintiff to immediate and/or harmful offensive touching and battered him.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC 1983 and the New York State Constitution. Defendants actions were undertaken in furtherance of their

employers business and within the scope of their employment with the Town of Wallkill.

34. Plaintiff was damaged by the battery of the defendants.

**AS AND FOR A FIFTH CAUSE OF ACTION: MUNICIPAL LIABILITY**

35. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36. The Town of Wallkill is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents and servants.

37. The Town of Wallkill had actual notice of the their employees, agents and/or servants propensity to engage in the illegal and wrongful acts set forth herein in that the New York State Attorney General sued the Town of Wallkill for one or more of the named officers violating the rights of citizens passing through its borders prior to the instant case, and as a result of said lawsuit, a federal monitor was appointed to oversee the actions of its Police Department.

38. The aforesaid event was not an isolated one in that the Town of Wallkill has been subject to prior litigation involving one or more of the named defendants due to their prior unlawful acts committed while on duty, and the Town of Wallkill has failed to take appropriate action in disciplining said officers despite the prior knowledge of their misconduct and illegal actions which have violated the State and Federal Constitutional Rights of citizens.

39. The Town of Wallkill knew or should have known that the defendant Police Officers who caused plaintiff to be injured had a propensity for the type of conduct that occurred in this case. Nevertheless, the Town of Wallkill failed to take corrective action which effectively condoned the abusive behavior suffered by the plaintiff.

40. The Town of Wallkill failed to take the steps to discipline, train, supervise of otherwise correct the improper illegal conduct of the defendant Police Officers in this and in

similar cases involving misconduct.

41. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers in the Town of Wallkill to the constitutional rights of persons within its jurisdiction, and was the cause of the violations of plaintiff's rights alleged herein.

42. The Town of Wallkill has damaged plaintiff by their failure to properly train, supervise, discipline, review remove or correct the illegal and improper acts of their employees, agents and servants in this and in similar cases involving police misconduct.
That the said occurrence arose solely and wholly by reason of the negligence,

43. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the Town of Wallkill.

## AS AND FOR A SIXTH CAUSE OF ACTION: 42 USC § 1983

44. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

45. By reason of the foregoing, and by assaulting, battering, using excessive force, falsely arresting, maliciously prosecuting, conspiring to take these action or failing to prevent other individual defendants from doing so, defendants deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, secured by 42 USC 1983, including but not limited to, rights guaranteed by the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law, including his right to Due Process of Law pursuant to the Fourteenth Amendment of the United States Constitution. Defendants have also conspired to deprive him of

such rights and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law, including his right to Equal Protection under the law pursuant to the Eighth Amendment of the United States Constitution. Defendants have also conspired to deprive him of such rights and are liable to plaintiff under 42 USC 1983.

48. Defendants acted under color of state law and in their individual and official capacities and within the scope of their employment as Town of Wallkill Police Officers. Defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 USC 1983, and by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A SEVENTH CAUSE OF ACTION: NYS CONSTITUTIONAL TORT**

49. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50. Defendants, acting under the color of law, violated plaintiff's rights pursuant to §§ 6 and 12 of the New York State Constitution, and as a result of which, plaintiff sustained damages.

51. A damages remedy here is necessary to effectuate the purpose of Article 1 §§ 5 and 6 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

**AS AND FOR A EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING & RETENTION**

52. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 51 as if fully set forth herein.

53. Defendant Town of Wallkill owed a duty of reasonable care to the plaintiff in thoroughly screening the defendant officers for the position of Police Officer prior to hiring them.

54. The defendant Town of Wallkill breached that duty in failing to properly and thoroughly screen the defendant Police officers prior to hiring them. Had the Town of Wallkill properly and thoroughly screened the defendant police officers, it would have uncovered information that would have rendered said officers unacceptable candidates for the position of Police Officer.

55. The Town of Wallkill hired said defendant officers, and upon learning of their involvement in other prior bad acts committed after their appointment and while on duty, it nonetheless retained them as officers and failed to adequately train and/or retrain said officers in the performance of their duties and in handling handicapped persons.

56. The Town of Wallkill breached the duty of reasonable care owed to the plaintiff by hiring and later retaining the defendant Police Officers whom they knew or should have known to have violent/vicious propensities against citizens within the State of New York.

57. As a result of the negligence of the Town of Wallkill, which caused a foreseeable risk of injury to the plaintiff, plaintiff was caused to be damaged thereby.

### AS AND FOR A NINTH CAUSE OF ACTION: NEGLIGENCE

58. Plaintiff realleges and reasserts each and every allegation contained in paragraphs 1 through 57 as if fully set forth herein.

59. Police Officers Dennis Rolon, Kelly Boss s/h/a Hugo Boss and John Doe Police officers 1-2 owed a duty of reasonable care to the plaintiff which they breached in their handling of plaintiff following his arrest.

60. Police officers Dennis Rolon, Kelly Boss s/h/a Hugo Boss and John Doe Police Officers 1-2 had actual knowledge of plaintiff's quadripelgic condition and acted unreasonably in light of their knowledge in arresting plaintiff.

61. At the time of plaintiff's arrest on May 14, 2006, he was confined to a wheelchair due to a prior spinal cord injury which rendered him a quadripelegic and without bodily control beyond his breastbone.

62. Defendant Police Officers knew that plaintiff was unable to walk or control his body at the time of the arrest on May 14, 2006.

63. Defendant Police Officers were not properly trained in moving or otherwise transporting handicapped persons prior to the incident of May 14, 2006.

64. Defendant Police Officers failed to secure proper transportation to reasonably accommodate the plaintiff who was confined to a wheelchair on May 14, 2006.

65. Defendant Police Officers who were acting in the scope of their employment with the Town of Wallkill at the time of their arrest and transport of the plaintiff on May 14, 2006, failed to adhere to the New York State Constitution and Federal regulations requiring that a reasonable accommodation be afforded to the plaintiff, and in so doing, transported plaintiff in the rear of a Town of Wallkill squad car which was not in compliance with New York State and Federal law.

66. The plaintiff sustained physical injuries as a result of the negligence of Police Officers Dennis Rolon, Kelly Boss s/h/a Hugo Boss and John Doe Police Officers 1-2 and his injuries were a foreseeable result of their actions which amounted to a failure to comply with laws involving the transport of handicapped persons with spinal cord injuries.

## **ATTORNEY VERIFICATION**

ERIKA L. HARTLEY, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following pursuant to R. 2106 CPLR, upon information and belief, and based upon files maintained in her office:

1. That I am the attorney of record for the plaintiff LUIS TORRES, JR. in the within action.

2. I verify that have read the foregoing Verified Complaint and that I know the contents thereof; the same are true to my knowledge, except to the matters therein states to be alleged on information and belief, and as to those matters I believe them to be true.

3. The source of my information and the grounds of affirmant's belief are derived from the file maintained in the normal course of business of affirmant as the attorney for the plaintiff LUIS TORRES, JR..

4. This verification by affirmant is made in lieu of plaintiff as he resides in a county other than where affirmant maintains her office.

Dated: Brooklyn, New York
       August 24, 2007

ERIKA L. HARTLEY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------------------------------X

LUIS TORRES, JR.,

                      Plaintiff,                  Index No.: 5882/2007

-against-

THE TOWN OF WALLKILL, P.O. DENNIS ROLON,
P.O. HUGO BOSS and JOHN DOE POLICE OFFICERS
1-2,

        Defendants.

---------------------------------------------------------------------------------------X


## VERIFIED COMPLAINT


---------------------------------------------------------------------------------------X


                      LAW OFFICE OF ERIKA L. HARTLEY
                          Attorney for Plaintiff
                          LUIS TORRES, JR.
                          238 Covert Street, Suite 2
                          Brooklyn, New York 11207
                          (866) 478-3324

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUIS TORRES, Jr.,

                Plaintiff,

- against -

THE TOWN OF WALLKILL, P.O. DENNIS ROLON, P.O. HUGO BOSS and JOHN DOE POLICE OFFICERS 1-2,

                Defendants-Petitioners
-----------------------------------------------------------------X

**AFFIDAVIT OF SERVICE**

Index No.: 1094/07

STATE OF NEW YORK    )
                                )ss.:
COUNTY OF WESTCHESTER )

      ANDREA BATTS, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on September 27, 2007 she served the within NOTICE OF REMOVAL, upon the following attorney(s), in the following place(s) and in the following manner:

Erika Hartley, Esq.
Attorney for Plaintiff
Luis Torres Jr.
238 Covert Street, Suite 2
Brooklyn, New York 11207

by depositing a copy of same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), respectively, at said address(es) within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.

                                                  _____
                                                  ANDREA BATTS

Sworn to before me
September 27, 2007

_____
NOTARY PUBLIC

Richard S. Sklarin
Notary Public, State of New York
No. 02SK5054676
Qualified in Westchester County
Commission Expires January 22, 20__