RECEIVED
OCT 15 2007
USDC-WP-SDNY

# LAW OFFICE OF ERIKA L. HARTLEY
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office & Fax (866) 478-3324

October 9, 2007

**MEMO ENDORSED**

**ELECTRONICALLY FILED**
Hon. Kenneth M. Karas
United States District Court
Southern District Court of New York
308 Quarropas Street
White Plains, New York 10601-4150

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Re:  Torres v. Town of Wallkill et al.
     Civil Docket No.: 07-CV-8441

Dear Hon. Karas:

This letter is being forwarded in response to the Notice of Removal received on October 3, 2007 in regard to the above matter. This is an action for personal injuries sustained by Luis Torres on May 14, 2006 at the time he was arrested at a Staples Store in Middletown, New York. Mr. Torres is wheelchair-bound and has been since 2002.

By way of background, a notice of claim pursuant to NY General Municipal Law §50-e (hereinafter "§50-e") was filed with the Town of Wallkill on May 3, 2007. In the notice of claim the causes of action there were ultimately brought were required to be outlined in detail pursuant to §50-e. Also pursuant to the NY General Municipal Law §50-h, defendants took a lengthy examination of the plaintiff in which its attorneys inquired about all of the allegations raised in the notice of claim. The 50-h examination was held on June 21, 2007.

Thereafter, an action was commenced pursuant to NY CPLR 308 in State Court by the filing of a Summons With Notice on July 2, 2007, a copy of the stamped filing is respectfully annexed as Exhibit A. The Summons with Notice was served on the defendants on July 31, 2007, more than thirty days prior to the defendant's removal of the within matter to this Court. As the named defendants were served by a person of suitable age and discretion, copies of this initial pleading was mailed on August 1, 2007. Copies of the Affidavits of Service are collectively attached hereto as Exhibit B. It is respectfully brought to the Court's attention that none of the documents referenced above were made a part of the defendants Notice of Removal documents and these documents demonstrate that the defendant's Notice of Removal is untimely.

Page - 2 -
Re: <u>Torres v. Town of Wallkill et al.</u> (07-CV-8441)
Date: October 9, 2007

Per the procedural federal removal statute cited as 28 USC 1446(b), a party seeking removal of an action from State to Federal Court must take removal action within thirty days of the service of the initial pleading in the action. Here, the defendants Notice of Removal was filed with this Court on September 28, 2007 and the initial pleadings were served in this action on July 31, 2007. As such, the Notice of Removal is untimely in that the removal of the action occurred twenty-nine days beyond the thirty day period afforded under the removal statute. <u>LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.</u>, 31 F.3d 70 (2d Cir. 1994); <u>In Re NASDAQ Market Makers Antitrust Litigation</u>, 929 F. Supp. 174, (S.D.N.Y. 1996); <u>St. Vincent's Hospital of Staten Island v. Antoinette Taylor</u>, 2007 U.S. Dist. LEXIS 58526 (E.D.N.Y. 2007); <u>Codapro Corp. V. Robert C Wilson et al.</u>, 997 F. Supp. 322, 1998 U.S. Dist. LEXIS 2141 (E.D.N.Y. 1998); <u>State of New York v. Lutheran Center for the Aging, Inc.</u>, 957 F. Supp. 393, 1997 WL 80019 (E.D.N.Y. 1997).

It is also brought to the Court's attention that a motion seeking leave to file a late notice of claim was filed with the State Court in July 2007. The motion remains pending in the State Court in light of defendants untimely removal of the case to Federal Court. In light of all of the above, it is respectfully requested that permission be granted for the filing of a motion to remand this matter to State Court pursuant to 28 USC § 1447. Thank you for your consideration in this matter.

Very truly yours,

Erika L. Hartley, Esq.

Enclosures:  Notice of Claim
Summons with Notice with receipt for filing
Affidavits of Service

cc:  Miranda Sokoloff Sambursky Slone Vernveniotis LLP
570 Taxter Road, Suite 561
Elmsford, New York 10523
Attention: Michael V. Longo, Esq.

*[Handwritten order:]* The Court will hold a pre-motion conference on November 15, 2007, at 2:30. Defendants are to respond to this letter by October 31, 2007. Plaintiff's time to file a Remand Motion is stayed as of October 9, 2007.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
10/19/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

LUIS TORRES, JR.,

            Plaintiff,

-against-

TOWN OF WALLKILL, P.O. DENNIS ROLON,
P.O. HUGO BOSS and JOHN DOE POLICE
OFFICERS 1-2,

            Defendants.

Index No.

**SUMMONS WITH NOTICE**

Filed With the Court on

Plaintiff designates Orange County
as the place for trial and venue is
based upon defendant's residence.

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff Attorney(s) within twenty (20) days after service of this summons exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear, judgment will be taken against you by default for the relief demanded in the complaint.

**PLEASE TAKE FURTHER NOTICE** that the nature of the action, and the relief sought, is to recover monetary damages for plaintiff's unlawful false arrest, malicious prosecution, civil rights violations, ADA violations, assault, battery, negligence, negligent hiring

SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF ORANGE

AFFIDAVIT OF SERV  
ATTORNEY: HARTLEY  
FF/INDEX #: 5882-07  
DATE FILED: 7/2/07  
DOCKET #:

LUIS TORRES, JR.

Plaintiff(s)/Petitioner(s)

- AGAINST -

TOWN OF WALLKILL, P.O. DENNIS ROLON, P.O. HUGO BOSS AND JOHN DOE POLICE OFFICERS 1-2

Defendants(s)/Respondent(s)

COURT D/T:  
AMOUNT:

STATE OF NEW YORK COUNTY OF ORANGE ss:

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF PENNSYLVANIA.

That on 7/31/07 at 2:20 PM at TOWN OF WALLKILL POLICE DEPT, 99 TOWER DRIVE, BUILDING B, MIDDLETOWN, NEW YORK 10941

deponent served the within SUMMONS WITH NOTICE WITH INDEX # AND DATE OF FILING ENDORSED THEREON

on P.O. HUGO BOSS MORE CORRECTLY KNOWN AS KELLY BOSS therein nam

SUITABLE AGE ☑ By delivering a true copy thereof to and leaving with MARY OLSEN, CO-WORKER a person of suitable age and discretion, the said premises being the defendants - respondents

☐ dwelling place ☑ place of business ☐ last known address within the State of New York

☐ AND AT THE SAME TIME PAYING IN ADVANCE THE AUTHORIZED FEE

DESCRIPTION Deponent describes the Individual served as follows:

FEMALE, WHITE SKIN, BROWN HAIR, 60-70 YRS., 5'3"-5'6", 125-135 LBS.

Other Identifying features:

GLASSES

MAILING ☑ Deponent completed said service under the last two sections by depositing a copy of the above named process in a postpaid properly addressed envelope in an official depositary under the exclusive card and custody of the United States Post Office in the State of New York, addressed to the defendant in an envelope bearing the legend "Personal and Confidential" and not indicating on the outside of the envelope that the communication is from an attorney

Mailed on: 8/1/07

☐ at his last known residence ☑ at his place of business ☐ at his last known address

Address confirmed by:

MILITARY SERVICE ☑ I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 8/1/07

Joseph Shurlock

**AFFIDAVIT OF SERV**

OF ORANGE

TORRES, JR.

ATTORNEY: HARTLEY
FF/INDEX #: 5882-07
DATE FILED: 7/2/07
DOCKET #:

Plaintiff(s)/Petitioners(s)

- AGAINST -

TOWN OF WALLKILL, P.O. DENNIS ROLON, P.O. HUGO BOSS AND JOHN DOE POLICE OFFICERS 1-2

Defendants(s)/Respondent(s)

COURT D/T:
AMOUNT:

**STATE OF NEW YORK COUNTY OF ORANGE ss:**

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF PENNSYLVANIA.

That on 7/31/07 at 2:20 PM at TOWN OF WALLKILL POLICE DEPT.
99 TOWER DRIVE, BUILDING B, MIDDLETOWN, NEW YORK 10941

deponent served the within SUMMONS WITH NOTICE WITH INDEX # AND DATE OF FILING ENDORSED THEREON

on P.O. DENNIS ROLON therein nam

**SUITABLE AGE** ☑ By delivering a true copy thereof to and leaving with MARY OLSEN, CO-WORKER
a person of suitable age and discretion, the said premises being the defendants - respondents

☐ dwelling place ☑ place of business ☐ last known address within the State of New York

☐ AND AT THE SAME TIME PAYING IN ADVANCE THE AUTHORIZED FEE

**DESCRIPTION** Deponent describes the individual served as follows:

FEMALE, WHITE SKIN, BROWN HAIR, 60-70 YRS., 5'3"-5'6", 125-135 LBS.

Other identifying features:

GLASSES

**MAILING** ☑ Deponent completed said service under the last two sections by depositing a copy of the above named process in a postpaid properly addressed envelope in an official depositary under the exclusive card and custody of the United States Post Office in the State of New York, addressed to the defendant in an envelope bearing the legend "Personal and Confidential" and not indicating on the outside of the envelope that the communication is from an attorney

Mailed on: 8/1/07

☐ at his last known residence ☑ at his place of business ☐ at his last known address
Address confirmed by:

**MILITARY SERVICE** ☑ I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on: 8/1/07

JOSEPH SHERLOCK

COURT THE STATE OF NEW YORK
OF ORANGE

AFFIDAVIT OF SERVICE
ATTORNEY: HARTLEY
FF/INDEX #: 5882-07
DATE FILED: 7/2/07
DOCKET #:

TORRES, JR.

Plaintiff(s)/Petitioners(s)

- AGAINST -

TOWN OF WALLKILL, P.O. DENNIS ROLON, P.O. HUGO BOSS AND JOHN DOE POLICE OFFICERS 1-2

Defendants(s)/Respondent(s)

COURT D/T:
AMOUNT:

STATE OF NEW YORK COUNTY OF ORANGE ss:

THE UNDERSIGNED DEPONENT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF PENNSYLVANIA.

That on 7/31/07 at 2:30 PM at 99 TOWER DRIVE, BUILDING A MIDDLETOWN, NEW YORK 10941

Deponent served the within SUMMONS WITH NOTICE WITH INDEX # AND DATE OF FILING ENDORSED THEREON

TOWN OF WALLKILL                                                                                   therein named

CORPORATION  ☑ By delivering to and leaving with LOUISA M. INGRASSIA     and that he knew the person
                 so served to be the TOWN CLERK                           of the corporation, and authorized to accept service.

            ☐ AND AT THE SAME TIME PAYING IN ADVANCE              THE AUTHORIZED FEE

DESCRIPTION   Deponent describes the individual served as follows:

             FEMALE, WHITE SKIN, RED/BROWN HAIR, 35-45 YRS., 5'3"-5'5", OVER 300 LBS.

             Other Identifying features:
             GLASSES

Sworn to before me on: 8/1/07