# MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP

MICHAEL A. MIRANDA*
BRIAN S. SOKOLOFF
STEVEN VERVENIOTIS
ONDINE SLONE
NEIL L. SAMBURSKY*
RICHARD S. SKLARIN°
STEVEN C. STERN

MARK R. OSHEROW*◊□
COUNSEL

WRITER'S E-MAIL:

570 TAXTER ROAD
SUITE 561
ELMSFORD, NEW YORK 10523
TEL   (914) 345-6510
FAX   (914) 345-6514

WWW.MSSSV.COM

MAIN OFFICE:
MINEOLA, NY

BRANCH OFFICES:
NEW YORK, NY
FANWOOD, NJ

ADAM I. KLEINBERG
JENNIFER E. SHERVEN
GABRIELLA CAMPIGLIA
TODD HELLMAN
CHARLES A. MARTIN
KIERA J. MEEHAN
DAMIAN F. FISCHER
MARIA THOMAS
NANCY R. SCHEMBRI°°
MICHAEL V. LONGO
CHRISTOPHER MILLER
MELISSA HOLTZER

* ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CONNECTICUT
□ ALSO ADMITTED IN FLORIDA
°RESIDENT IN WESTCHESTER

October 31, 2007

**Electronically Filed**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
308 Quarropas Street
White Plains, New York 10601-4150

        **Re**:    Torres v. Town of Wallkill et al
        **Docket No.**:    07-CV-8441 (KMK)

Dear Judge Karas:

This letter is submitted in response to plaintiff's application to file a motion to remand this matter to State Court pursuant to 28 USC 1446(b); defendants object to the plaintiff's request and maintain that this action is properly before this Court pursuant to defendants' timely Notice of Removal.

More specifically, defendants assert that the plaintiff's "bare" Summons with Notice (served on or about July 31, 2007) was insufficient, as a matter of law, to place defendants "on notice" that state and federal constitutional claims (as well as various other federal causes of action) would be asserted in plaintiff's formal Complaint served on August 30, 2007.

Recent Second Circuit case law on this subject states that a Summons with Notice is deemed an initial pleading only when the Summons contains "information from which a defendant can ascertain removability." See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 204 (2d Cir.2001).

As applied herein, the terse and amorphous allegations contained within plaintiff's Summons with Notice should be deemed insufficient notice of the complex federal allegations later set forth within plaintiff's sixty-six (66) paragraph, nine (9) cause of action Verified Complaint, containing purported violations of both the New York and United States Constitutions.

**MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP**

OCTOBER 31, 2007
PAGE 2 OF 2

As such, the defendants' September 28, 2007 Notice of Removal was timely filed within thirty (30) days of receiving plaintiff's "initial pleading" (the Verified Complaint received on August 30, 2007), in accordance with 28 U.S.C. § 1441(b).

Wherefore, it is respectfully requested that plaintiff's application to file a motion to remand this matter to State Court be denied; in the alternative, it is requested that the parties be afforded an opportunity to present motion papers more thoroughly arguing their respective positions.

Respectfully yours,
**MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP**

Richard S. Sklarin

Cc:    Law office of Erika Hartley
       238 Covert Street, Suite 2
       Brooklyn, New York 11207