**LAW OFFICE OF ERIKA L. HARTLEY**
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office & Fax (866) 478-3324

November 2, 2007

<u>Electronically Filed</u>
Hon. Kenneth M. Karas
United States District Court
Southern District Court of New York
308 Quarropas Street
White Plains, New York 10601-4150

Re: Torres v. Town of Wallkill et al.
Docket No.: 07-CV-8441 (KMK)

Dear Judge Karas:

This letter is being forwarded in response to defendant's letter of October 31, 2007. It is respectfully brought to the Court's attention that a notice of claim was filed in this case as is required by NY General Municipal Law § 50-e (1). The purpose of the notice of claim is to afford the municipality an opportunity to investigate the legal claims asserted. As is evident from the notice of claim served on these municipal defendants, all legal claims were thoroughly outlined. (See Exhibit A.) Additionally, defendants took a 5 ½ hour 50-h examination of the plaintiff on June 20, 2007 during which the federal claims raised in the notice of claim were explored by the examiner.

It is respectfully asserted that counsel for defendants cannot now claim insufficient information from which to have assessed the nature of the plaintiff's claims which were clearly stated in the notice of claim, expounded upon at a 50-h examination and referenced in the Summons with Notice. As defendants were served with the Summons with Notice that named both the state and federal claims being brought, the service of said pleading on defendants allowed them to timely ascertain removability prior to the service of the complaint. In the case cited by counsel for defendant, the Second Circuit Appeals Court declined to read into congressional intent relative to the construction of the removal statute in observing that "the statute does not require the receipt of a *complaint* for triggering the removal period. Rather, Congress simply required that, for purposes of starting the thirty day clock, a defendant receive the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based." <u>Whitaker v. American Telecasting, Inc.</u>, 261 F.3d 196, 213 (2nd Cir. 2001). It is respectfully asserted that the thirty day clock began to run upon the service of the Summons with Notice on defendants as it afforded them with sufficient notice that federal claims were being asserted. See, <u>*DiMeglio v. Italia Crociere Internationale*</u>, 502 F. Supp. 316 (S.D.N.Y. 1985); <u>*Village of Wellsville v. Atlantic Richfield*</u>, 608 F. Supp. 497 (W.D.N.Y. 1985); <u>*Day v. Zimmer, Inc.*</u>, 636 F. Supp. 451 (N.D.N.Y. 1986). Here, removability is easily ascertained from the face of the initial pleading served,

Re: Torres v. Town of Wallkill
Date: November 2, 2007
Court Docket No.: 07-CV-8441 (KMK)

and further, defendants were not robbed of their opportunity to timely recite a short and plain statement outlining the grounds for removal as required by § 28 USC 1446(a).

In light of the above, it is respectfully asserted that the defendant's Notice of Removal was untimely, and for that reason, it is requested that the Court grant plaintiff permission to file a motion to remand the case to state court.

Very truly yours,

Erika L. Hartley, Esq.

Enclosure:   notice of claim

# EXHIBIT A

IN THE MATTER OF THE CLAIM OF

LUIS TORRES, JR.

27 ROYAL CIRCLE

NEWBURGH, NEW YORK 12550

CLAIMANT'S DOB: ▇▇▇▇2

CLAIMANT'S S.S.#: ▇▇▇▇▇▇▇4



RECEIVED
MAY - 3 2007
TOWN CLERK
TOWN OF WALLKILL

AGAINST

THE TOWN OF WALLKILL, P.O. D. ROLON. P.O. H. BOSS AND JOHN DOE POLICE OFFICERS 1-2

BY HIS ATTORNEY: ERIKA L. HARTLEY, ESQ.

>238 Covert Street, Suite 2

>Brooklyn, New York 11207

>(866) 478-3324

*Date & Time When Claim Arose:*

On or about May 14, 2006 as to all claims other than malicious prosecution. As to the claim of malicious prosecution, the claim arose upon the favorable disposition of the criminal charges against the claimant on February 7, 2007.

*Location Where Claim Arose:*

The underlying claim arose at Orange Plaza at the Staples Print Center located at 470 Route 211 East in Middletown, New York.

*Manner In which Claim Arose:*

Town of Wallkill Police Officer D. Rolon, P.O. H. Boss, and John Doe Police Officers 1-2, responded to a complaint made against claimant by Robert S. Jones. Mr. Jones contended that claimant assaulted him while claimant sat in a wheelchair and otherwise menaced, harassed and intimidated him. Claimant is differently-abled and requires the use of a wheelchair due to a spinal cord injury that causes him to be paraplegic. Without any evidence other than the allegation of Mr. Jones which was countered by several

eyewitnesses, claimant was arrested and placed in a Town of Wallkill Police cruiser, and transported to the Town of Wallkill jail. At no time was claimant afforded an alternative means of transport or any other reasonable accommodation in the manner in which he was arrested without probable cause, transported to jail and during his detention. As a result of P.O. D. Rolon, P.O. H. Boss and John Doe Police Officers 1-2's failure to provide claimant with a reasonable accommodation, he was caused to sustain physical injuries to his person, and further, he was deprived of his State and Federal Constitutional rights.

While acting in an intentional, reckless and grossly negligent manner and with deliberate indifference to the claimant's rights under both State and Federal law, P.O. D. Rolon, P.O. H. Boss and John Doe Police Officers 1-2 falsely imprisoned claimant and caused claimant to be mishandled, assaulted, battered, harassed, humiliated, embarrassed, and maliciously prosecuted. The Town of Wallkill, P.O. D. Rolon, P.O. H. Boss and John Doe Police Officers 1-2 allowed, caused and otherwise engaged in U.S.C. § 1983 Civil Rights Violations as against claimant. The Town of Wallkill, P.O. D. Rolon and John Doe Police Officers 1-2 violated claimant's rights pursuant to the Federal Americans With Disabilities Act of 1990 and the Federal Rehabilitation Act of 1973 in their improper handling of the arrest, processing, detention and in providing an inadequate detention cell that did not reasonably accommodate claimant's physical condition despite available resources. In addition, claimant was victimized in the violation of his Fourteenth Amendment right to due process, Eighth Amendment right to equal protection under the law, and Fourth Amendment right of protection from unreasonable searches and seizures without probable cause.

As a result of claimant's actionable mishandling by Town of Wallkill, P.O. D. Rolon, P.O. H. Boss and John Doe Police Officers 1-2, he also sustained intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery, false imprisonment and negligence. It is further asserted that the Town of Wallkill was negligent in its hiring and retention of Police Officer D. Rolon, P.O. H. Boss and John Doe Officers 1-3 in that it failed to properly screen, train and retrain the officers despite having actual and/or constructive knowledge of their violent and antisocial propensities as a result of a pattern and practice of engaging in various Civil Rights violations of persons within and without the Town of Wallkill prior to the within incident. The Town of Wallkill also acquired knowledge of the violent and antisocial propensities of the involved officers named herein as a result of numerous prior lawsuits in both State and Federal Court, as well as a lawsuit in 2001 by the Attorney General of the State of New York against the Town of Wallkill for the constitutional violations of its Police Force in other claims of false arrest, battery and State, Federal and Civil Rights violations. Despite its wealth of notice prior to the within incident as pertains to the policies and practices of its Police Force and more specifically the Police Officers named herein, the Town of Wallkill negligently retained Police Officer D. Rolon, P.O. H. Boss and John Doe Police Officers 1-2 on its Police Force. It is further alleged that the Town of Wallkill failed to properly train, retrain or otherwise instruct its Police Force and the subject Police Officers named herein prior to the incident, and further, violated its own internal policies and procedures as well as the applicable provision of its Patrol Guide Manual, or alternatively, in failing to adopt internal policies and procedures in the form of a Patrol

*Injuries Claimed:*

Post-traumatic stress disorder, phobia of law enforcement personnel, re-injury and exacerbation of spinal cord injury culminating in chronic back pain requiring cortisone injections due to claimant being mishandled by P.O. D. Rolon, P.O. H. Boss and John Doe Police Officers 1-2.

*Amount Claimed in Damages:*

$5 million plus attorneys fees, as well as punitive damages against Police Officer D. Rolon, P.O. H. Boss and John Doe Police Officers 1-2.

LUIS TORRES, JR., being duly sworn deposes and says the following pursuant to the penalties of perjury:

That I have read the contents of the within Notice of Claim and verifies the accuracy of the information contained in the within document. The source of my knowledge comes from the fact that I am the claimant and am fully familiar with the facts and circumstances giving rise to the occurrence referenced in the within Notice of Claim.

_____
LUIS TORRES, JR.

Dated: Middletown, New York

May 3, 2007

Sworn to before me this

___ Day of May, 2007

_____
Notary Public

KENNETH KESSLER
Notary Public - State of New York
No. 01KE6061447
Qualified in Dutchess County
My Commission Expires Oct 07, 2010